# EXHIBIT A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |

ROGER BELK

Plaintiff(s)

vs.

ALLSTATE INSURANCE COMPANY

Defendant(s)

**CIVIL ACTION COVERSHEET**

2016-CP - 10- 2597

FILED 2016 MAY 18 PM 2: [illegible]
BY JULIE J. ARMSTRONG CLERK OF COURT

Submitted By: WILLIAM K. SWOPE, ESQUIRE
Address: 1525 SAM RITTENBERG BLVD., STE. 208
CHARLESTON, SC 29407

SC Bar #: 15168
Telephone #: 843-852-4925
Fax #: 843-576-4654
Other:
E-mail: swopelawfirm@comcast.net

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| | | ☒ Other (399) **Bad Faith** | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | Special/Complex /Other | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature: /s/ William [signature]   Date: 5/18/16

SCCA / 234 (03/2016)   Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | C/A NO.: 2016-CP-10- 2597 |
| ROGER BELK, | ) | |
| Plaintiff, | ) | |
| VERSUS | ) | **SUMMONS** |
| ALLSTATE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

TO: THE ABOVE-NAMED DEFENDANT

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your pleading to said Complaint upon the subscriber at his office at 1525 Sam Rittenberg Boulevard, Suite 208, Charleston, South Carolina, 29407, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded therein and judgment by default will be rendered against you for the relief demanded.

                              THE SWOPE LAW FIRM, P.A.

                              WILLIAM K. SWOPE, ESQUIRE
                              SC Bar#: 15168
                              1525 Sam Rittenberg Blvd., Suite 208
                              Charleston, South Carolina 29407
                              Ph.:   (843) 852-4925
                              Fax:  (843) 576-4654
                              Email: swopelawfirrm@comcast.net
                              Attorney for Plaintiff

Charleston, South Carolina

May 17, 2016

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | C/A NO.: 2016-CP-10- 2597 |
| ROGER BELK, | ) | |
| Plaintiff, | ) | |
| VERSUS | ) | **COMPLAINT** |
| ALLSTATE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

FILED 2016 MAY 18 PM 2:07 BY JULIE J. ARMSTRONG CLERK OF COURT

TO: THE ABOVE-NAMED DEFENDANT

Comes now the above-named Plaintiff, Roger Belk, by and through undersigned counsel, complaining of the above-named Defendant as follows.

1. That the Plaintiff is a citizen and resident of Charleston County, South Carolina.

2. That upon information and belief the Defendant is a corporation duly organized and existing pursuant to the laws of the State of Illinois with its principle place of business with regard to this claim in Alabama.

3. That upon information and belief the corporate Defendant is not in active duty military service.

4. That upon information and belief the Defendant is authorized to conduct business in South Carolina, and this claim arises from such business.

5. That upon information and belief this Honorable Court has subject matter jurisdiction over this case or controversy and personal or long-arm jurisdiction over the parties hereto.

### FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

6. That each and every allegation set forth in paragraph 1 through the preceding paragraph is repeated, realleged and reiterated as if set forth herein fully verbatim.

7. That the parties entered into a contract whereby the Defendant provided casualty flood insurance to the Plaintiff for his dwelling at 41 Oatly Circle, Shadowmoss Plantation Subdivision, Charleston City, Charleston County, South Carolina. during the salient time period of October 2015.

8. That the Plaintiff's dwelling suffered severe and catastrophic flood damage from rising waters between October 2 and 4, 2015.

9. That the Plaintiff promptly notified the Defendant's claims department of the loss on or about October 4, 2015.

10. That an adjustor, Justin Hollingsworth, an agent of the Defendant did conduct a review of the damage to the dwelling on multiple occasions.

11. That during the very first review of the damage to the dwelling, the adjustor recommended using a particular disaster clean-up vendor and directed said vendor not merely to dry the wood floor and sub-floor, but to remove same, immediately.

12. That the flooring and sub-flooring were removed at the Defendant's agent's direction.

13. That a substantial bill in excess of Thirty Thousand and 00/100s ($30,000.00) Dollars was incurred for "water mitigation and remediation services".

14. That when the Plaintiff inquired of the adjustor as to why so much destruction and such a large bill had been created, he was advised that the adjustor would "look out for him" later in the process.

15. That upon information and belief the adjustor undertook to direct the "mitigation and remediation services" for the Plaintiff's dwelling.

16. That upon engaging in that undertaking, he and his principal, had a duty to the Plaintiff to perform these tasks in "good faith" and as a reasonable man in like circumstances would.

17. That upon information and belief the Defendant, by and through its agent, breached this duty of care in directing unnecessary demolition of the dwelling.

18. That as a direct and proximate result of this negligent direction, the "mitigation and remediation" expense far exceeded its value and resulted in damage not just from the flood, but from the agent's/insurer's negligence.

19. That upon information and belief the Plaintiff has been directly and proximately damaged by Defendant's breach, and is therefore entitled to actual and compensatory damages in an appropriate amount to be determined by the trier of fact herein.

## FOR A SECOND CAUSE OF ACTION - BAD FAITH (S.C. CODE §38-59-40)

20. That each and every allegation set forth in paragraph 1 through the preceding paragraph is repeated, realleged and reiterated as if set forth herein fully verbatim.

21. That the estimate of repair costs to restore the dwelling to its former condition, less depreciation and deductibles and after payment of the remediation bill, totaled Thirty-Two Thousand Seven Hundred Seventy-One and 44/100s ($32,771.44) Dollars.

22. That said sum was/is grossly inadequate to repair the Plaintiff's dwelling to its pre-flood condition.

23. That the adjuster and remediation company of his choosing reduced their demand to Seventeen Thousand and 00/100s ($17,000.00) Dollars, thereby allowing the difference to be ostensibly available for repairs to the Plaintiff's home.

24. That even after this "adjustment" the sum available was/is grossly inadequate to repair the Plaintiff's dwelling to its pre-flood condition.

25. Thus, the Defendant has refused "to pay benefits due under the contract" despite due demand for same.

26. That upon information and belief the failure of the Defendant to pay the claim results "from the insurer's bad faith or unreasonable action in breach of the implied covenant of good faith and fair dealing".

27. That upon information and belief the Plaintiff has therefore been directly, proximately and actually damaged in an appropriate amount to be determined by the trier of fact herein.

28. That upon information and belief the Plaintiff has suffered additional compensatory damages in the form of loss of use, rental payments and deprivation of his former lifestyle, all reasonably flowing from the Defendant's failure timely to pay his flood insurance claim.

29. That upon information and belief the Plaintiff is entitled to punitive damages in an appropriate amount to be determined by the trier of fact herein.

30. That the Plaintiff has required the services of legal counsel to protect and assert his rights under this first party contract of flood insurance, and is therefore entitled to reimbursement for attorneys' fees incurred in an appropriate amount to be determined by the Court herein.

WHEREFORE, having fully complained of the above-named Defendant, the Plaintiff, by and through undersigned counsel, does hereby respectfully demand this Honorable Court issue its Order: granting the Plaintiff actual, compensatory and/or punitive damages in an appropriate amount to be determined by the trier of fact herein, together with the costs and disbursements of this action, reasonable attorneys' fees incurred and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

SWOPE LAW FIRM, P.A.

_____
WILLIAM K. SWOPE, ESQUIRE
SC Bar#: 15168
1525 Sam Rittenberg Blvd., Suite 208
Charleston, South Carolina 29407
Ph.:   (843) 852-4925
Fax:   (843) 576-4654
Email: swopelawfirrm@comcast.net
Attorney for Plaintiff

Charleston, South Carolina

May 17, 2016



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

— Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

May 18, 2017

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ALLSTATE INS CO
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223-0000

Dear Sir:

On May 17, 2017, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov. When replying, please refer to File Number 162293, <u>Roger Belk v. ALLSTATE INS CO</u>, 2016-CP-10-2597.**

By:

*David E. Belton*

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:   William K. Swope
      1525 Sam Rittenberg Boulevard, Suite 208
      Charleston, SC 29407